

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

PP:MWG
F. #2023R00058

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

October 7, 2025

By ECF

The Honorable Orelia E. Merchant
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Mitchell Bostic
               Criminal Docket No. 24-126 (OEM)

Dear Judge Merchant:

      The government respectfully submits this letter in advance of the sentencing of the defendant Mitchell Bostic, which is currently scheduled for October 15, 2025. On June 10, 2025, the defendant pleaded guilty to one count of attempted Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (Count Two of the Superseding Indictment), pursuant to a plea agreement with the government. As part of his plea agreement, the defendant also stipulated to his commission of an additional attempted Hobbs Act robbery, which is charged in Count One of the Superseding Indictment.

      The charges relate to the defendant's attempted robberies of stores in Brooklyn, New York; the defendant shot a store clerk during the first, and he slashed a store clerk with a knife during the second. The defendant committed these violent crimes after having served twenty-seven years in state prison for murder, and while he was on parole supervision.

      For the reasons discussed below, the government submits that a sentence of 120 months' imprisonment, which is within the applicable United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") range of imprisonment, would be sufficient, but not greater than necessary, to achieve the goals of sentencing set forth at 18 U.S.C. § 3553(a).

I.    Factual Background

    A.    The Defendant's Criminal History

      On November 20, 1992, the defendant shot and killed another individual in Brooklyn, New York. He was convicted of murder in New York Supreme Court and sentenced

to an indeterminate term of twenty-five years to life imprisonment. *See* Presentence Investigation Report ("PSR") ¶ 47.

The defendant served approximately twenty-seven years in prison, and the long list of infractions set forth in the PSR establishes that he committed multiple acts of violence and other serious misconduct while incarcerated. *See* PSR at 10-15. The defendant was released to lifetime parole supervision in 2019. According to his parole officer, the defendant "has been mostly noncompliant," "has failed to report or make contact with [the parole officer] since January 2024", "and tested positive for cocaine regularly." *Id.* ¶ 47.

B.  The Offense Conduct

The defendant committed the violent attempted robberies while on parole supervision. In the first incident, on the evening of January 4, 2023, the defendant entered a commercial store in Brooklyn, New York, and demanded money from the cash register while pointing a firearm at the store clerk. When the store clerk stepped away from the register, the defendant shot him in the leg. The defendant then fled the store. The store clerk was taken to a local hospital to receive treatment for a gunshot injury. PSR ¶ 7 & n.2 (describing attempted robbery); *see also id.* ¶¶ 8-11 (explaining how the defendant was identified).

As for the second incident, on the morning of February 4, 2024, the defendant entered another commercial store in Brooklyn, New York and attempted to steal household products from the store. When a store clerk confronted him, the defendant pulled out a knife and slashed her in the face and neck. The defendant then fled the scene. The store clerk was taken to a local hospital, where she received treatment for her injuries. PSR ¶ 12 (describing attempted robbery); *see also id.* ¶¶ 13-14 (explaining how the defendant was identified).

On March 13, 2024, federal agents executed a search warrant at the defendant's residence in Brooklyn, New York, where they seized, among other items, distinctive items of clothing that the defendant had worn during the two above-described attempted robberies. Agents also recovered a .40 caliber bullet (the same caliber as the bullet recovered in connection with the January 2023 attempted robbery). PSR ¶ 15.

C.  Procedural History

The defendant was arrested on March 13, 2024, based on a complaint charging him with one count of attempted Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a), relating to the attempted robbery on January 4, 2023. The defendant appeared in court later that day and was ordered detained pending trial.

On March 27, 2024, a grand jury in this District returned an indictment charging the defendant with one count of attempted Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a), relating to the attempted robbery on January 4, 2023; and one count of possessing ammunition, having previously been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1), relating to the defendant's possession of the .40 caliber bullet found in his residence.

On February 12, 2025, a grand jury returned a superseding indictment, which added an additional charge of attempted Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a), relating to the attempted robbery on February 4, 2024.

On June 10, 2025, the defendant pleaded guilty to one count of attempted Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (Count Two of the Superseding Indictment), pursuant to a plea agreement with the government. As noted above, as part of his plea agreement, the defendant also stipulated to his commission of the additional attempted Hobbs Act robbery charged in Count One of the Superseding Indictment.

II.     Applicable Law

The Supreme Court has explained that "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range. As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." *Gall v. United States*, 552 U.S. 38, 49 (2007) (internal citation omitted).

Next, a sentencing court should "consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party. In so doing, [the sentencing court] may not presume that the Guidelines range is reasonable. [The sentencing court] must make an individualized assessment based on the facts presented." *Id.* at 50 (internal citations omitted). However, "in the ordinary case, the Commission's recommendation of a sentencing range will 'reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives.'" *Kimbrough v. United States*, 552 U.S. 85, 109 (2007); *see also United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir. 2006) ("[I]n the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances."). Indeed, the Supreme Court has held that, on appeal, a Guidelines sentence may be presumed to be reasonable because "the sentencing statutes envision both the sentencing judge and the [Sentencing] Commission as carrying out the same basic § 3553(a) objectives." *Rita v. United States*, 551 U.S. 338, 358 (2007). "An individual judge who imposes a sentence within the range recommended by the Guidelines thus makes a decision that is fully consistent with the Commission's judgment in general." *Id.* at 350. Furthermore, Guidelines sentences promote Congress' goal in enacting the Sentencing Reform Act: "to diminish unwarranted sentencing disparity." *Id.* at 354.

At sentencing, "the court is virtually unfettered with respect to the information it may consider." *United States v. Alexander*, 860 F.2d 508, 513 (2d Cir. 1988). Indeed, "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. § 3661.

III.    The Sentencing Guidelines

The government agrees with the Probation Department that the defendant is in Criminal History Category II, *see* PSR ¶¶ 45-50, and that the Total Offense Level is calculated as follows:

Attempted Robbery on February 4, 2024 (Count Two)

Base Offense Level (U.S.S.G. § 2B3.1)                                                        20

| | | |
|---|---|---:|
| Plus: | Dangerous weapon was used (U.S.S.G. § 2B3.1(b)(2)(D)) | +4 |
| Plus: | Victim sustained serious bodily injury (U.S.S.G. § 2B3.1(b)(3)(B)) | <u>+4</u> |
| Total: | | <u>28</u> |

Attempted Robbery on January 4, 2023 (Stipulated Conduct)

| | | |
|---|---|---:|
| Base Offense Level (U.S.S.G. § 2B3.1) | | 20 |
| Plus: | Firearm was discharged (U.S.S.G. § 2B3.1(b)(2)(A)) | +7 |
| Plus: | Victim sustained serious bodily injury (U.S.S.G. § 2B3.1(b)(3)(B)) | <u>+4</u> |
| Total: | | <u>31</u> |

Multiple Count Analysis

| | | |
|---|---|---:|
| Highest Adjusted Offense Level: | | 31 |
| <u>Units</u> | | |
| Count Two | | 1.0 |
| Stipulated Conduct | | 1.0 |
| Total Units | | <u>2.0</u> |
| Plus: | 2 Units (U.S.S.G. § 3D1.4) | +2 |
| Less: | Timely Acceptance of Responsibility (U.S.S.G. § 3E1.1) | <u>-3</u> |
| Total: | | <u>30</u> |

*Id.* ¶¶ 21-44. Based on a Total Offense Level of 30 and a Criminal History Category II, the Guidelines range of imprisonment is 108 to 135 months. *Id.* ¶ 90.

IV.     A Guidelines Sentence of 120 Months' Imprisonment Is Warranted

Here, upon consideration of all the sentencing factors set forth at 18 U.S.C. § 3553(a), a sentence of 120 months' imprisonment, which is within the applicable Guidelines range, would be appropriate in this case. *See* 18 U.S.C. § 3553(a).

First, the nature and circumstances of the offense are serious. Armed robbery is a serious crime under any circumstance, and this case is no exception. The defendant committed two violent attempted robberies, during which he shot one person and slashed another in the face. The victims were innocent people just doing their jobs at local businesses when the defendant put them both in the hospital. A Guidelines sentence of 120 months' imprisonment is,

4

therefore, necessary to reflect the serious nature of these violent offenses. *See* 18 U.S.C. §§ 3553(a)(1), 3553(a)(2)(A).

Second, a Guidelines sentence of 120 months' imprisonment would properly account for the defendant's serious criminal history, and would serve to deter him from committing violent crimes in the future. The defendant committed the instant offenses after having recently been released from prison for murder. A twenty-seven-year term of imprisonment did not deter the defendant from committing new violent crimes, even while he remained on parole supervision. Thus, a sentence of 120 months' imprisonment would be appropriate to send a message to this defendant that his repeated criminal conduct will not be tolerated, in order to dissuade him from engaging in new criminal conduct in the future. *See* 18 U.S.C. §§ 3553(a)(1), 3553(a)(2)(B).

Third, a Guidelines sentence of 120 months' imprisonment is necessary to protect the public from further crimes of the defendant. Although the defendant's sentencing letter attributes the instant offenses to his drug addiction, at least partially, the fact remains that the defendant has continued to commit incredibly violent crimes even after serving a long prison term for murder. His actions demonstrate that he remains a danger to the public, and that further incarceration is required to protect the public from further violent acts by the defendant. *See* 18 U.S.C. § 3553(a)(2)(C).

V.   Conclusion

For the foregoing reasons, the government respectfully submits that a Guidelines sentence of 120 months' imprisonment would be sufficient, but not greater than necessary, to achieve the sentencing goals set forth at 18 U.S.C. § 3553(a).

The government is not seeking forfeiture in this case and understands that neither victim has submitted a request for restitution. *See* PSR ¶¶ 18, 99.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By:   */s/ Michael W. Gibaldi*
Michael W. Gibaldi
Assistant U.S. Attorney
(718) 254-6067

cc:   Clerk of the Court (OEM) (by ECF)
Counsel of record (by ECF)
Alexandria M. Lohwasser, United States Probation Officer (by Email)